UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY JAMES WONDRA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; STATE OF IDAHO; and ADA COUNTY JAIL,<br><br>Defendants. | Case No. 1:25-cv-00022-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Stacey James Wondra's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.  **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2. **Factual Allegations**

Plaintiff is an inmate in the Ada County Jail. Plaintiff states that, on December 30, 2024, Plaintiff suffered a "medical emergency … due to excessive bleeding coming from inside the umbilical region." *Compl.*, Dkt. 2, at 1. Plaintiff pressed the "emergency duress button" in Plaintiff's cell six times, but no one responded. On Plaintiff's request, another inmate pressed the call button in that inmate's cell, and a jail deputy responded. Plaintiff learned that Plaintiff's duress button had not been working for over a week.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

On January 2, 2025, Plaintiff was suffering "an extreme amount of pain" due to an abscessed tooth. *Id*. Plaintiff pressed the emergency call button ten times, with no response. Plaintiff again asked another inmate to press the inmate's call button. After the inmate did so, jail personnel responded. *Id*. at 2. Apparently, Plaintiff's call button still was not working.

Plaintiff sues the United States of America, the State of Idaho, and the Ada County Jail. Plaintiff seeks monetary damages. *Id*. at 1–2.

3.     **Discussion**

The Complaint does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.     ***Standards of Law Governing Plaintiff's Claims***

The Complaint asserts claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional

On January 2, 2025, Plaintiff was suffering "an extreme amount of pain" due to an abscessed tooth. *Id*. Plaintiff pressed the emergency call button ten times, with no response. Plaintiff again asked another inmate to press the inmate's call button. After the inmate did so, jail personnel responded. *Id*. at 2. Apparently, Plaintiff's call button still was not working.

Plaintiff sues the United States of America, the State of Idaho, and the Ada County Jail. Plaintiff seeks monetary damages. *Id*. at 1–2.

3.     **Discussion**

The Complaint does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.     ***Standards of Law Governing Plaintiff's Claims***

The Complaint asserts claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional

violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

To bring a § 1983 claim against a local governmental entity such as the Ada County Jail, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom

may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff invokes the Eighth Amendment, which prohibits cruel and unusual punishments and guarantees prisoners minimally adequate conditions of confinement. *Compl.* at 2. Though jail or prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must

be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B.   The Complaint Fails to State a Plausible Eighth Amendment Claim

Plaintiff's claims against the federal government and the State of Idaho fail as a matter of law because the Complaint contains no factual allegations against either entity. The State of Idaho is also immune from suit in federal court under the Eleventh Amendment. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

For two reasons, the Complaint also fails to state a plausible claim against Ada County.

First, nothing in the Complaint suggests that Plaintiff suffered an objectively serious risk of substantial harm from the lack of an emergency call button or that any jail official acted with deliberate indifference. Numerous courts have held that an inoperable call button, without more, does not violate the Eighth Amendment. *See, e.g., Torres v. Wright*, No. 3:17-CV-01919 (JAM), 2018 WL 1175408, at *4 (D. Conn. Mar. 6, 2018) ("Prisoners do not have an Eighth Amendment right to a cell equipped with an emergency call button."); *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (holding that prison officials were not deliberately indifferent for failing to perform cell checks, deactivating emergency call button without investigating, and ignoring sounds of violence and complaints of a fight, because such actions were, at most, negligent); *Mitchell v. Clayton*, No. CV 13-11620, 2016 WL 633949, at *2 (E.D. Mich. Feb. 10, 2016) (holding that, while inmate raised "legitimate concern about the difficulty inmates in medical crises

face while housed in cells without emergency call buttons," inmate did not suffer Eighth Amendment violation where he received medical attention within two hours through regular monitoring of inmates by guards), *report and recommendation adopted*, No. 13-11620, 2016 WL 852806 (E.D. Mich. Mar. 3, 2016).

The Court finds the analysis in these cases persuasive and holds that an inoperable call button—or, for that matter, the lack of a call button entirely—does not alone violate the Eighth Amendment. Rather, a complaint must plausibly suggest both a substantial risk of serious harm to the plaintiff from the lack of an operable call button and deliberate indifference on the part of the defendant.

Here, Plaintiff received medical attention after the other inmate pushed his call button on both occasions, and Plaintiff does not complain that the medical attention was inadequate. Plaintiff also does not disclose how long it took jail staff to respond to the other inmate's call button. For these reasons, the Complaint fails to state a plausible Eighth Amendment claim. *See Goodman*, 718 F.3d at 1332; *Mitchell*, 2016 WL 633949, at *2

Second, the Complaint fails to plausibly allege that the Ada County Jail had a policy, custom, or practice of failing to repair broken call buttons. *See Monell*, 436 U.S. at 694; *Mabe*, 237 F.3d at 1110–11. Rather, the "obvious alternative explanation," *Iqbal*, 556 U.S. at 682, is that an unidentified jail official negligently failed to fix the button. Such negligence does not constitute cruel and unusual punishment. *See Farmer*, 511 U.S. at 835.

Accordingly, the Complaint is subject to summary dismissal for failure to state a plausible claim.

4. **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must

include facts showing Plaintiff can meet the *Monell* requirements with respect to any claims against the Ada County Jail.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed with prejudice and without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant

knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

2. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

DATED: May 29, 2025

_____
David C. Nye
Chief U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).